**Gary R. FRINK, Sherry R. Frink, Petitioners–Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant (Two Cases).**

**Gary R. FRINK, Sherry R. Frink, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Nos. 85–2226 to 85–2228.**

United States Court of Appeals, Fourth Circuit.

Remanded March 28, 1988.

Decided May 6, 1988.

Teresa McLaughlin, Tax Div., U.S. Dept. of Justice (Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Washington, D.C., on brief), for appellant/cross-appellee.

F. Kelleher Riess (F. Kelleher Riess Corp., Metairie, La., on brief), for appellees/cross-appellants.

Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.)

PER CURIAM:

In this tax dispute, the taxpayers deducted their distributive share of partnership losses derived from the operation of a hotel during the years 1975–77. Record title to the hotel was held by Argo, a corporation which served as the nominal debtor at the lender's request in order to avoid Mississippi's limitation on interest charged to noncorporate borrowers. The Commissioner disallowed the deductions, but the Tax Court held that Argo was the partnership's corporate agent and that the taxpayers could therefore deduct their distributive

share of Argo's losses. This court reversed that portion of the Tax Court's judgment. *Frink v. Commissioner*, 798 F.2d 106 (4th Cir.1986).

The Supreme Court vacated this court's judgment, 56 U.S.L.W. 3665 (March 28, 1988), and remanded for further consideration in light of *Commissioner v. Bollinger*, —— U.S. ——, 108 S.Ct. 1173, 99 L.Ed.2d 357 (1988). In *Bollinger*, the Court held that a genuine agency relationship existed for federal income tax purposes

> when the fact that the corporation is acting as agent for its shareholders with respect to a particular asset is set forth in a written agreement at the time the asset is acquired, the corporation functions as agent and not principal with respect to the asset for all purposes, and the corporation is held out as the agent and not principal in all dealings with third parties relating to the asset.

—— U.S. at ——, 108 S.Ct. at 1179.

After reconsidering this case in light of *Bollinger*, we conclude that these requirements for a genuine agency relationship have been met. Our judgment reversing the Tax Court on this issue is vacated. The judgment of the Tax Court is affirmed.

AFFIRMED.